IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RAYMOND JAMES DUNN,**
    Petitioner,

v.                                                     Case No. 3:09cv199/MCR/MD

**WALTER A. MCNEIL,**
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 10). Petitioner has responded in opposition to dismissal. (Doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

By Information, petitioner was charged in the Circuit Court of Okaloosa County, Florida, case number 01-1608, with committing between August 20 and 25, 2001, the second-degree murder of Rhonda Kimmons Chaney. (Doc. 1, p. 1; Doc. 10,

Ex. A).[1]  Pursuant to a negotiated plea agreement executed on February 3, 2003, petitioner entered a counseled no contest plea to one count of manslaughter. (Exs. B, C). The court adjudicated petitioner guilty of manslaughter on February 11, 2003 and, pursuant to the plea agreement, sentenced him to a term of 15 years imprisonment with credit for 500 days time served. (Exs. B, C, D). The judgment was filed on March 10, 2003. (Ex. D, p. 33 in ECF; Ex. K).[2]  Petitioner did not appeal from the judgment. (Doc. 1, p. 2).

On March 1, 2005, petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). (Ex. E, p. 44 in ECF). The trial court denied relief on March 8, 2005. (Ex. F). On June 30, 2005, the Florida First District Court of Appeal ("First DCA") affirmed without written opinion. *Dunn v. State*, 909 So.2d 864 (Fla. 1st DCA 2005) (Table) (copy at Ex. G). The mandate issued September 14, 2005. (Ex. G).

On April 10, 2008, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. H). The motion was denied on August 5, 2008. (Ex. I). The First DCA affirmed without written opinion on January 21, 2009. *Dunn v. State*, 3 So.3d 1249 (Fla. 1st DCA 2009) (Table) (copy at Ex. J). The mandate issued March 20, 2009. (Ex. J).

Petitioner initiated this federal habeas proceeding on May 4, 2009. (Doc. 1, p. 1).

---

[1] Hereafter, all references to exhibits are to those provided at Doc. 10, unless otherwise noted. References to page numbers "in ECF" are to the page of the identified document as it appears on the court's Case Management/Electronic Computer Filing system.

[2] Petitioner was adjudicated guilty and sentenced in open court on February 11, 2003 (Ex. C). That same date, the trial judge signed the judgment. (Ex. D). However, the judgment was not filed with the clerk of court until March 10, 2003. (Ex. D. p. 33 in ECF; Ex. K).

# DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on April 9, 2003, which is thirty days after rendition of the March 10, 2003 judgment and sentence. *See* Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* Fla. R. App. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing a direct appeal expires). Thus, the federal habeas statute of limitations began to run on that date. The limitations period expired on April 10, 2004, one year from the day after petitioner's judgment became final, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The record establishes that petitioner had no properly filed applications for state postconviction or other collateral review pending during the critical period between April 9, 2003 and April 10, 2004. Therefore, his time for seeking federal habeas review expired on the latter date.[3] The instant habeas petition, filed on May 4, 2009, is untimely, and petitioner concedes this point. (Doc. 12, p. 1).

In response to respondent's request for dismissal, petitioner does not allege or demonstrate that he is entitled to equitable tolling of the AEDPA's one-year limitations period. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (stating

---

[3]Petitioner's Rule 3.800(a) and Rule 3.850 motions were filed <u>after</u> the limitations period expired. Thus, those applications did not trigger the tolling benefit of § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Nor could the later filings reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

that § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'") (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Instead, petitioner asserts he is entitled to review of his claim because he "is actually innocent of the sentence imposed and failure to correct this error would result in a miscarriage of justice." (Doc. 12, p. 1).

Assuming, without deciding, that proof of actual innocence renders the AEDPA's one-year limitation inapplicable,[4] petitioner has not demonstrated a colorable claim of actual innocence. The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). To meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence [of his factual innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *modified on other grounds on reh'g*, 459 F.3d 1310 (11th Cir. 2006).

Petitioner here does not allege that he is actually innocent of the crime for which he was convicted. Instead, he claims his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because 120 victim injury points were included on his Criminal Punishment Code scoresheet without a jury determination and without petitioner admitting to victim injury. (Doc.

---

[4]"Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008) (citing *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.")).

1, p. 5 in ECF; Doc. 12, p. 4 in ECF). Petitioner clarifies that he is "challenging Florida's sentencing scheme . . . by permitting the imposition of victim injury points without a jury making a factual finding beyond a reasonable doubt, and without Petitioner admitting to such." (Doc. 1, p. 6 in ECF).

In *Johnson v. Singletary*, 938 F.2d 1166, 1183 (11th Cir. 1991), the Eleventh Circuit Court of Appeals stated:

> A properly convicted defendant's claim to innocence in the sentencing context is likewise tied to eligibility. A convicted defendant is eligible for any punishment within the discretion the legislature accords the sentencing body. One cannot say that the defendant is innocent of the sentence imposed if the defendant actually committed the necessary acts that would make him eligible for the particular punishment chosen. Even if the guilty defendant can demonstrate that a constitutional error led to a factual inaccuracy-which in turn prejudiced the outcome of the sentencing body's deliberative process-the defendant is not innocent of the sentence imposed.

The petitioner here has not produced any "new reliable evidence" that he did not commit the acts rendering him eligible for the 15-year sentence he received. His claim – that the rule of criminal procedure announced in *Apprendi* was violated by the inclusion on his scoresheet of 120 victim injury points for the death of the victim – is not a claim of actual innocence, but merely a challenge to the sentencing procedure. *See, e.g., McCoy v. United States*, 266 F.3d 1245, 1257 n. 16 (11th Cir. 2001) (noting that "[t]he application of *Apprendi* merely changes the method or procedure for determining . . . [a defendant's] sentence; it does not make [the defendant's] conduct not criminal, thereby raising the spectre of actual innocence . . . ."). The petitioner in this case cannot use "actual innocence" as a gateway through which to obtain consideration of his untimely petition.[5]

---

[5] It is worth noting that petitioner did not receive a greater sentence than that provided by the statutory maximum, so *Apprendi* is inapplicable. He pleaded no contest to manslaughter under Fla. Stat. § 782.07(1), which is a second degree felony punishable by a maximum of 15 years imprisonment. Fla. Stat. §§ 782.071(1); 775.082(3)(c) (2001). The negotiated plea agreement provided for, and petitioner received, a 15-year sentence. Furthermore, the factual basis for petitioner's plea included the fact that petitioner caused the death of the victim. (Doc. 10, Ex. C). Florida law provides for the assessment of 120 sentence points if the defendant causes the death of the victim. Fla. Stat. § 921.0024(2); Fla. R. Crim. P. 3.702(d)(5) (2001).

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 10) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Raymond James Dunn*, in the Circuit Court of Okaloosa County, Florida, case number 01-1608, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of October, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**